IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Larry Klayman, et. al. | |
|     Appellees-Cross-Appellants, | |
| v. | |
| Barack Hussein Obama, et al., | |
|     Appellants-Cross-Appellees. | Nos. 14-5004, 14-5016<br>14-5005, 14-5017 |

### MOTION FOR REHEARING EN BANC REGARDING MOTION FOR LEAVE TO TELEVISE ORAL ARGUMENT

Appellees/Cross-Appellants Larry Klayman, Charles Strange, Mary Ann Strange, Matt Garrison, and Michael Ferrari hereby respectfully move this Court for a rehearing *en banc* regarding Appellees' prior Motion for Leave the Court to Televise the Oral Argument of this case, which is currently scheduled for November 4, 2014. As the issues that have arisen in this case are at "**_the pinnacle of public national interest_**,"[1] over 300 million Americans whom are affected by the outcome of this case must be able to watch the oral argument via C-SPAN, which reached out to the U.S. Court of Appeals for the Second Circuit, in *ACLU v. Clapper* (No. 14-42), a substantially related case, to televise the oral argument

---

[1] *See* Transcript of Status Conference, dated Oct. 31, 2013, at 7 (emphasis added).

1

before that court. **We have reason to believe that C-SPAN will reach out to this Court to televise the oral argument pertaining to this case**.

This case is about the U.S. Government's illegal spying on hundreds of millions of Americans' internet and telephone metadata in violation of the First, Fourth, and Fifth Amendments to the U.S. Constitution. Indeed, this is one of the most important, if not the most important, cases of our time. In fact, this case is of even more public importance than the substantially related case of *ACLU v. Clapper* because the Honorable Richard J. Leon of the lower court already found that the Government violated Plaintiffs', and effectively all citizens', Fourth Amendment rights, and thus preliminarily enjoined[2] the NSA from further violating their rights.

The Supreme Court has also recognized the importance of addressing these constitutional issues. Justice John Roberts stated in *Riley v. California*, 134 S.Ct. 2473 (2014) that "the Fourth Amendment was the founding generation's response to the reviled 'general warrants' and 'writs of assistance' of the colonial era, which allowed British officers to rummage through homes in an unrestrained search for evidence of criminal activity. **Opposition to such searches was in fact one of the driving forces behind the Revolution itself."** 134 S.Ct. at 2494 (emphasis added).

---

[2] The preliminary injunction has been stayed pending an appeal before this Court.

2

The Judicial Conference of the United States, the principal policy making body concerned with the administration of the U.S. Courts, allowed U.S. Courts of Appeals in 1996 wide discretion to decide for themselves whether to allow cameras in their courtrooms. Other federal courts of appeal have already opened up their courtrooms for video recording.

For example, in a substantially related case also involving the government spying of hundreds of millions of Americans, the U.S. Court of Appeals for the Second Circuit, in *ACLU v. Clapper*, allowed for the entirety of the oral argument, which was recently held on September 2, 2014, to be televised and recorded by video camera. This video is now available on the internet at C-SPAN's website.[3]

In recognizing the importance of televising oral arguments, other U.S. Courts of Appeals, including the U.S. Court of Appeals for the Ninth Circuit, are now live streaming video and audio of their oral arguments and making them available on the court's website.

On June 20, 2013, this Court announced that "[a]udio recordings of oral arguments before the U.S. Court of Appeals for the D.C. Circuit [would] become available online free of charge beginning September 9, 2013, the start of the Court's 2013-2014 Term."

(http://www.cadc.uscourts.gov/internet/home.nsf/Content/Announcement+-

---

[3] *See* http://www.c-span.org/video/?321163-1/aclu-v-clapper-oral-argument-phone-record-surveillance.

3

+News+Release+-+Audio+Recordings+of+Oral+Arguments News Release). "On May 14, 2013, the judges of [this very Court] **voted unanimously** to adopt this new policy. *Id.* (emphasis added). "**Chief Judge Merrick B. Garland stated that 'the Court is pleased to provide this new level of public access to our proceedings.'**" *Id.* (emphasis added). The unanimous votes of this Court suggests that each judge of this Court recognizes the importance of providing newer and greater levels of public access of the Court's proceedings. Due to the extreme national importance of this case, if any case should require televised public access, it is this one. Also, it is important to point out that this Court, in addition to all parties involved, would not be prejudiced as evidenced by the U.S. Court of Appeals for the Second Circuit's decision to televise the *ACLU v. Clapper* oral argument.

 The oral argument of this case is currently scheduled for November 4, 2014. Given the national importance of this case, the televising of the oral argument would allow the entire nation, which includes over 300 million Americans, to be involved in this matter.  The American people must be aware of the facts and legal arguments of this lawsuit in order to ensure that they know what actions their government is taking and what justifications they allegedly have for illegally monitoring everyone's telephone and internet metadata. The prestige of this Court is second only to that of the U.S. Supreme Court.  The decision of this Court bears

great influence on this country and will affect the lives of hundreds of millions of people. In fact, as stated, this case is one of the most important, if not the most important, case to come before this Court.

Further, since this case involves the constitutional rights of hundreds of millions of Americans, it is likely that the demand to attend the oral argument will be very high. Nevertheless, the appellate courtroom is not large enough to accommodate all those wanting to attend the proceeding. Televising the proceeding would allow all those who wish to appear in person but cannot to witness the entirety of the oral argument. It is also important to note that it is unfortunate for those who cannot afford transportation to observe the oral argument to be denied access when all citizens' are greatly affected by the outcome of this case.

**As stated, we have reason to believe that C-SPAN will reach out to this Court to televise the oral argument pertaining to this case.**

Appellees-Cross-Appellants sought consent for their prior Motion for Leave to Televise Oral Argument from Appellants-Cross-Appellees. Appellants-Cross-Appellees still have not responded to Appellees-Cross-Appellants' request for consent as of the time of this filing.

Dated: September 15, 2014

                                              Respectfully Submitted,

                                    /s/ *Larry Klayman*
                                    Larry Klayman, Esq.
                                    D.C. Bar No. 334581
                                    2020 Pennsylvania Ave. NW #345
                                    Washington, DC 20006
                                    Tel: (310) 595-0800
                                    Email: leklayman@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, I electronically filed the foregoing Motion for Rehearing *En Banc* Regarding Leave to Televise Oral Argument with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

Respectfully Submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW #345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com