

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7256
Washington, DC 20530

---

Tel:  202-514-3180

VIA CM/ECF

May 15, 2015

Mr. Mark J. Langer
Clerk, United States Court of Appeals
 for the D.C. Circuit
5423 E. Barrett Prettyman Courthouse
Washington, D.C. 20001

RE:      *Klayman* v. *Obama*, Nos. 14-5004, 14-5005, 14-5016, 14-5017

Dear Mr. Langer:

In *United States* v. *Davis*, No. 12-12928 (11th Cir. May 5, 2015) (en banc), the Eleventh Circuit rejected a constitutional challenge by a criminal defendant to a judicial order directing a telecommunications company to turn over records of historical cell-site location information to law enforcement officials.

The court held that, under *Smith* v. *Maryland*, 442 U.S. 735 (1979), and *United States* v. *Miller*, 425 U.S. 276 (1976), an individual has no constitutionally protected privacy interest "in certain business records owned and maintained by a third-party business."  Slip op. 19. Just as the defendant in *Smith* had no reasonable expectation of privacy in telephone metadata held by his telephone company, and the defendant in *Miller* had no reasonable expectation of privacy in records obtained from his bank, the court in *Davis* held that the defendant had no reasonable expectation of privacy in cell-site location information collected and recorded by his telephone company.  Slip op. 27-29.  The

Eleventh Circuit made clear that technological changes since the 1970s did not change the fact that Davis had no reasonable expectation of privacy in information about Davis held by his cell-phone company.  *Id.*  The Eleventh Circuit also rejected the argument that *United States* v. *Jones*, 132 S. Ct. 945 (2012), which held that use of a GPS monitoring device placed by police on a private vehicle implicated a Fourth Amendment interest, required a different result.  *Id.* at 33.  The Eleventh Circuit, in addition, rebuffed the notion that the concurrences in *Jones* called the precedential value of *Smith* and *Miller* into doubt. *Id.* at 35-36.

The court further concluded that, even if obtaining cell-site records from telephone companies were a Fourth Amendment "search," it would be reasonable.  Such records are obtained pursuant to judicial supervision and safeguards, much like judicial subpoenas.  Slip op. 41. And the collection of such records "serve[s] compelling governmental interests" because they are "routinely used to investigate . . . terrorism-related offenses."  *Id.* at 42.

Obtaining business records under Section 215 is constitutional for substantially the reasons articulated by the en banc Eleventh Circuit.

        Sincerely,


        /s/ Henry C. Whitaker
        Attorney


cc:    all counsel (via CM/ECF)

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit on May 15, 2015.

I certify as well that on that date I caused a copy of this letter and the attachment to be served on counsel registered to receive electronic service.

/s/ Henry Whitaker
Henry Whitaker